**LUMBERMENS MUTUAL CASUALTY COMPANY, Subrogee, et al., Plaintiffs,**

v.

**A–T–O, INC., a/k/a Safeway Scaffold Company,\* Defendant and Third-Party Plaintiff,**

v.

**McCLARY ENTERPRISES, INC., Third-Party Defendant.**

**Civ. A. No. 75–1435.**

United States District Court, District of Columbia.

Dec. 5, 1977.

Arthur V. King, Rockville, Md., for plaintiffs.

James C. Gregg, Mac Leay, Lynch, Bernhard & Gregg, Washington, D. C., for defendant-third-party-plaintiff.

Laurence T. Scott, Brault, Graham, Scott & Brault, Washington, D. C., for third-party-defendant.

MEMORANDUM AND ORDER

SIRICA, District Judge.

This is an action for personal injuries. Plaintiffs allege negligence on the part of

---

\* The name Safeway will be used interchangeably herein with the name Safway.

defendant-third-party-plaintiff A–T–O, Inc., a/k/a Safeway Scaffold Company (Safeway) in connection with defective equipment furnished pursuant to a written contract to third-party-defendant McClary Enterprises (McClary). Safeway denies the allegation of negligence and seeks to impose on McClary the obligation of defending the action on the theory that McClary is bound by contract to indemnify and hold Safeway harmless for claims of this sort. It is this third-party aspect of the case that is now before the Court on cross-motions for summary judgment.

The essential facts are not in dispute. Defendant-third-party-plaintiff Safeway is engaged in the business of supplying scaffolding equipment to construction companies. Third-party-defendant McClary is a business concern that uses scaffolding to carry on construction operations. By letter agreement dated November 8, 1972, Safeway agreed to furnish McClary a quantity of scaffolding equipment for use at a construction site in Washington, D.C. This agreement specified the quantity of items to be supplied, the rental rate, credit terms, the party who would bear the responsibility for lost or damaged equipment, and the manner of delivery. These terms are sufficiently definite to create a legally binding agreement between the parties enforceable according to its plainly stated provisions.

■ One thing should be pointed out about this contract. It does not contain a merger provision expressly indicating that the written terms of the agreement are to constitute the entire agreement between the parties. Nor is there a clause specifying the manner in which additional terms may be agreed upon. In the Court's view, the absence of such provisions permits the contract to be modified to reflect changes in the rights and obligations of the parties. But before any change can become binding, it must be lawfully agreed upon. Whether the written contract was properly amended to include an indemnity clause as a binding provision is the central issue in this case.

Safeway performed under the contract by delivering the specified scaffolding to McClary's construction site. As required by paragraph 3 of the November 8 agreement, one of McClary's employees "check[ed] and verif[ied] the count for [the] delivery." This employee, a carpenter identified as S. Stubbs, signed a receipt acknowledging delivery of the equipment on McClary's behalf. On the back of this receipt was printed a series of lawyer-crafted "terms and conditions," one of which expressly shifted responsibility to McClary for any claims based on use of the leased equipment, including claims traceable to Safeway's own negligence:

. . . the LESSEE assumes all responsibility for claims asserted by any person growing out of the erection and maintenance, use or possession of said equipment, and agrees to hold the COMPANY harmless from all such claims

. . .

. . . By this provision, it is clearly and unequivocally intended, because of the difficulty of determining correctly who may have been negligent in any particular case that the LESSEE assumes and agrees to protect SAFWAY even against the consequences of SAFWAY'S OWN negligence and to indemnify SAFWAY against and hold SAFWAY harmless from any claims by anybody based on SAFWAY'S negligence.

The parties do not contest the lawfulness of this clause. Nor could they as a matter of settled case law. A series of decisions beginning with *Maiatico v. Hot Shoppes, Inc.,* 109 U.S.App.D.C. 310, 287 F.2d 349 (1961) and ending with *Bland v. L'Enfant Plaza North, Inc.,* 154 U.S.App.D.C. 26, 473 F.2d 156 (1972) recognize that broad indemnity provisions relieving parties from the consequences of their own negligence are to be given legal effect.

■ The dispute in this case focuses instead on whether the admittedly lawful indemnity provision printed on the receipt acknowledging delivery of the leased equipment somehow became a binding part of the agreement between the parties. Safeway claims that it did, on the theory that Stubbs, who signed the receipt, did so as

McClary's agent. McClary disputes this, and in support offers an affidavit attesting to the fact that Stubbs was never actually impressed with the authority to enter into contracts on McClary's behalf. Instead, Stubbs, a carpenter, was empowered solely to accept delivery of on-site shipments and was acting in that limited capacity when he accepted delivery of Safeway's scaffold equipment. Nor does Safeway contend otherwise.

It is apparently Safeway's contention that merely because Stubbs had the authority to accept deliveries on his employer's behalf, he necessarily had the authority to bind his employer to any and all terms squirrelled away on the back of delivery receipts. That proposition, however, is without any legal foundation.

The governing principles of law are straightforward and do not require extended discussion. As was stated in *Capital Food Mart v. Sam Blanken & Co., Inc.*, D.C.App., 267 A.2d 371, 372 (1970), "The authority of an [agent] of a corporation to bind the corporation may be inherent in his office, may be expressly vested in him, or may be conferred upon him by virtue of the corporation's course of conduct (apparent authority)."

Particularizing this standard to the facts of record, the conclusion emerges unmistakably that McClary is not bound by the indemnity provision at issue. A review of the undisputed facts reveals that Stubbs lacked actual authority to enter agreements in McClary's behalf. That is made plain by McClary's uncontradicted affidavit. Nor is the authority to enter agreements inherent in a carpenter's scope of duties. That is plain as a matter of common sense. And finally, the facts fail to disclose any course of conduct on McClary's part that would lead to the belief that Stubbs was being held out as authorized to make contracts for his employer. Any other notion would be at odds with the developed facts.

For these reasons, then, defendant-third-party-plaintiff Safeway's motion for summary judgment must be, and the same hereby is, denied; and for these same reasons, third-party-defendant McClary's cross-motion for summary judgment must be, and the same hereby is, granted.